## BRENNER v. MARTIN et al.

(Supreme Court, Appellate Term. December 7, 1904.)

1. ATTORNEY AND CLIENT—MONEY DEPOSITED WITH ATTORNEY—STATEMENT INCONSISTENT WITH CONDUCT.

On petition by B. for an order directing M. to pay to B. money which B. deposited with M. when M. was B.'s attorney in a certain action, to secure the sureties on an undertaking in such action, the court may disregard the unsupported statement of M. that he paid the money to the sureties; he having theretofore met B.'s demand for return of the money by the assertion of a lien, and in the action which followed therefor not having claimed that it had been paid to the sureties, though the situation called for his full disclosure of the facts.

Appeal from City Court of New York, Special Term.

Application by William F. Brenner for an order compelling Joseph Martin and James A. McElhinny to pay to petitioner money deposited by him with them when they were his attorneys. From such an order directed against Martin alone, he appeals. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and GILDER-SLEEVE, JJ.

Joseph Martin, in pro. per.

J. Quintus Cohen, for respondent Brenner.

James A. McElhinny, in pro. per.

BISCHOFF, J. We find no abuse of discretion in the order directing the appellant, an attorney, to pay over the sum of $250 received from the petitioner. This sum was deposited with the appellant to secure the sureties upon an undertaking, and it is alleged in the petition that, after settlement of the litigation, his demand for the return of the money was met by the attorney's assertion of a lien. An action followed, in which the attorney's claim to compensation was fixed at $50, with judgment for the client for costs, which exceeded this recovery. The appellant did not deny these allegations, but contented himself with a formal averment that the $250 was paid over to the sureties, and did not remain in his hands. This claim was made for the first time upon the present application, and was clearly inconsistent with the admitted fact that the appellant had asserted a lien when the sum was first demanded. The situation called for the attorney's full disclosure of the facts, and the unsupported statement that he paid the money to the sureties, infirmed, as it was, by the admitted facts, could properly be rejected by the court. Upon the proof submitted, the court had ample ground for determining that the appellant's business associate did not receive this money, and the dismissal as to him affords no basis for this appeal.

Order affirmed, with $10 costs and disbursements. All concur.